TAKIS ARGENTINIS *v.* PAUL L. GOULD ET AL.

PAUL L. GOULD *v.* P. A. ARGENTINIS ET AL.
(14110)

SHEA, GLASS, COVELLO, BORDEN and F. X. HENNESSY, Js.

Argued March 22—decision released June 11, 1991

*Eugene E. Cederbaum,* for the appellants (Paul L. Gould et al.).

*Daniel B. Glass,* for the appellees (Takis Argentinis et al.).

GLASS, J. The dispositive issue in this appeal is whether a builder's breach of a construction contract by failure of substantial performance permits the non-breaching owner to collect damages unreduced by the outstanding balance of the contract price that the owner avoids paying by virtue of the breach. We conclude that the failure so to reduce an owner's damages affords the owner an unconscionable recovery in excess of his actual loss suffered by reason of the breach. Accordingly, we reverse the contrary judgment of the Appellate Court only as to the amount of the judgment.

The facts are as follows. In November, 1980, the builders, Paul L. Gould and Paul L. Gould, Inc. (Gould), contracted to build a house for the owners, P. A. Takis Argentinis and his wife, Ourania Argentinis (Argentinis). Under the terms of the contract, Argentinis agreed to pay Gould a total of $344,000: $294,000 in

cash as the construction progressed, and $50,000 by a promissory note secured by a purchase money mortgage.

On the date of the transfer of title in April, 1981, Argentinis was unable to move into the house because Gould had not completed various items of construction. The parties then executed a supplemental agreement adjusting the original contract price to reflect "certain legal offsets" asserted by Argentinis against the amount of the mortgage and note "by virtue of deficiencies and incompletion of construction leading to delayed occupancy." Pursuant to the supplemental agreement, the parties reduced the total contract price by $4000 to $340,000. The parties also "annulled" the original note and Argentinis agreed to execute a substitute note and purchase money mortgage in the amount of $43,000, to be held in escrow along with a $3000 cash payment by Argentinis pending Gould's completion of certain specified items of construction. Furthermore, the parties acknowledged that the release to Gould of the $3000 payment and the substitute note and mortgage "shall constitute the full balance of monies due [to Gould] for all work, services and materials previously furnished and to be furnished . . . ."

In July, 1981, Argentinis moved into the house. The escrowed cash and documents were released to Gould, leaving an unpaid balance of $43,000 under the contract, as represented by the mortgage securing the note. Some of the items of construction specified in the supplemental agreement, however, remained incomplete. Thereafter, Argentinis discovered numerous defects in the structure and substructure of the house. Argentinis demanded that Gould repair the defects. Gould refused to make repairs unless Argentinis agreed to certain terms found unacceptable by Argentinis, who

refused to make payments on the mortgage. Unable to reconcile their differences, the parties resorted to the courts. Argentinis instituted the first of the two underlying actions alleging that Gould had not substantially performed the contract and seeking damages for breach of contract. Gould commenced the second underlying action to foreclose the mortgage alleging that Argentinis had defaulted in payment.[1]

The actions were consolidated and tried before an attorney trial referee. In the breach of contract action, the referee found that Gould had breached the contract by failing to render substantial performance. The referee awarded Argentinis $73,068.75 in damages measured by the cost of repairing the construction defects.[2] In the foreclosure action, the referee also found in favor of Argentinis on the ground that Gould's failure of substantial performance defeated his right to recover the balance of the contract price and hence his right to foreclose the mortgage. The Superior Court accepted the referee's report and rendered judgments thereon. Gould then appealed to the Appellate Court, which, relying in pertinent part upon *Edens* v. *Kole Construction Co.*, 188 Conn. 489, 450 A.2d 1161 (1982), affirmed the judgments of the Superior Court in *Argentinis* v. *Gould,* 23 Conn. App. 9, 579 A.2d 1078 (1990).

Thereafter, we granted Gould's petition for certification to appeal limited to the following questions: (1) "Did the Appellate Court correctly enter judgment

---

[1] In the first action, the plaintiff (P. A.) Takis Argentinis named Paul L. Gould and Paul L. Gould, Inc., as defendants. In the second action, the plaintiff Paul L. Gould named P. A. (Takis) Argentinis and Ourania Argentinis as defendants.

[2] Neither party contests the $73,068.85 amount found by the referee to represent Argentinis' cost of repairing the defects in construction. We therefore accept that amount as " 'the reasonable cost of construction and completion in accordance with the contract . . . .' " *Levesque* v. *D & M Builders, Inc.*, 170 Conn. 177, 181, 365 A.2d 1216 (1976).

affirming the trial court's decision that [Argentinis] was entitled to compensatory damages in his suit for breach of construction contract and that [Argentinis was] also entitled to judgment in the foreclosure action?''; and (2) "Was the Appellate Court correct in finding justification for its judgment in *Edens* v. *Kole Construction Co.*, [supra]?" *Argentinis* v. *Gould,* 216 Conn. 821, 581 A.2d 1054 (1990). Agreeing that Argentinis was entitled to compensatory damages in the breach of contract action as well as judgment in the foreclosure action, we answer the first certified question in the affirmative. Our negative answer to the second certified question, however, necessitates a reversal of the amount of the judgment in favor of Argentinis in the breach of contract action. In light of their convergence, we address both questions together.

Gould claims that the Appellate Court misapplied *Edens* v. *Kole Construction Co.,* supra, thereby reaching a result that afforded Argentinis a "double recovery" and imposed an unwarranted penalty upon Gould for his conceded breach of the contract by failure of substantial performance. According to Gould, the damages awarded to Argentinis in the breach of contract action sufficiently compensated him for his injury resulting from the breach. Gould asserts that the additional forgiveness of Argentinis' mortgage debt in the foreclosure action, notwithstanding Gould's failure of substantial performance, impermissibly overcompensated Argentinis for that injury. To the extent that Gould claims that the sum of Argentinis' damages in the breach of contract action should have been reduced by $43,000, the amount of the unpaid balance of the contract price as represented by the mortgage note, we agree.

In rejecting Gould's contention that the referee should have reduced Argentinis' damages for breach

of contract by the amount of the unpaid balance of the contract price, the Appellate Court interpreted *Edens* as formulating a rule that such a reduction "is proper only if the contract has been substantially performed . . . ." *Argentinis* v. *Gould,* supra, 23 Conn. App. 14. Concluding that the referee correctly found that Gould had not substantially performed the contract, the Appellate Court held that the reduction sought by Gould properly had been refused. Id., 15. The Appellate Court further found "no double recovery for Argentinis. He had paid for the work to the extent actually completed and was owed the reasonable cost of restoring this work to the condition for which he had contracted." Id. Insofar as *Edens* may be construed to sustain this reasoning or to sanction the result reached by the Appellate Court with respect to Argentinis' damages in the breach of contract action, we conclude that *Edens* no longer can be considered good law.[3]

---

[3] In *Edens* v. *Kole Construction Co.,* 188 Conn. 489, 450 A.2d 1161 (1982), the owner filed a complaint alleging that the builder had breached the disputed construction contract by failing to render substantial performance, and seeking damages for the cost of repairing certain construction defects. The builder counterclaimed for foreclosure of a mechanic's lien securing all or part of the $25,000 unpaid balance of the $103,000 contract price. Finding that the builder had not substantially performed the contract, the trial court rendered judgment for the owner on the complaint and the counterclaim and awarded the owner $17,152.65 in damages for the cost of repairs. The builder appealed, alleging error in the trial court's failure to render judgment in its favor on the counterclaim and to award the builder damages in the amount of the difference between the unpaid balance of the contract price and the owner's cost of repairs. It is unclear from the opinion in *Edens* whether the builder claimed that, in any event, the owner was not entitled to collect damages on the complaint because the unpaid balance of the contract price exceeded the cost of repairing the construction defects. The *Edens* court stated: "We understand [the builder's] claim of error to refer only to the trial court's refusal to find that it was entitled to the $25,000 balance allegedly due on the contract and in the court's failure to deduct the damage award from this balance." Id., 493. If the builder had claimed that the owner was not entitled to collect damages on the complaint, he should have prevailed under the principles applied in our opinion today.

Generally, when a builder breaches a bilateral construction contract by an unexcused failure to render substantial performance, he cannot maintain an action on the contract to recover the unpaid balance of the contract price because substantial performance, a constructive condition of the owner's duty to pay the balance, has not been satisfied. See 2 Restatement (Second), Contracts § 237, comment (d); 3A A. Corbin, Contracts (1964) §§ 701, 710; see generally *Lach* v. *Cahill,* 138 Conn. 418, 421, 85 A.2d 481 (1951); *Sheketoff* v. *Prevedine,* 133 Conn. 389, 392–93, 51 A.2d 922 (1947). The balance of the contract price, therefore, is not "due" the builder. See 3A A. Corbin, supra, § 701. *Edens* remains viable inasmuch as it stands for this proposition, and the Appellate Court, relying upon *Edens,* properly concluded that Gould's failure of substantial performance precluded him from prevailing in the foreclosure action. We diverge from the reasoning of the Appellate Court, however, and *Edens* insofar as it is consistent therewith, at the point where it was found necessarily to follow from Argentinis' nonliability in the foreclosure action that he was entitled to collect damages in the breach of contract action exceeding the sum necessary to compensate him for his actual loss resulting from Gould's breach.

It is axiomatic that the sum of damages awarded as compensation in a breach of contract action "should place the injured party in the same position as he would have been in had the contract been performed." *Rametta* v. *Stella,* 214 Conn. 484, 492, 572 A.2d 978 (1990). The injured party, however, "is entitled to retain nothing in excess of that sum which compensates him for the loss of his bargain." *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 507, 435 A.2d 1022 (1980). Guarding against excessive compensation, the law of contract damages limits the injured party "to damages based

on his actual loss caused by the breach." 3 Restatement (Second), supra, § 347, comment (e). The concept of "actual loss" accounts for the possibility that the "breach itself" may result in "a saving of some cost that the injured party would have incurred if he had had to perform." Id., comment (d). In such circumstances, the amount of the cost saved "will be credited in favor of the wrongdoer"; 5 A. Corbin, supra, § 1038; that is, "subtracted from the loss . . . caused by the breach in calculating [the injured party's] damages."[4] 3 Restatement (Second), supra; see 11 S. Williston, Contracts (3d Ed. Jaeger) §§ 1338, 1339. "It is on this ground that . . . when an owner receives a defective or incomplete building, any part of the price that is as yet unpaid is deducted from the cost of completion that is awarded to him . . . ."[5] 5 A. Corbin, supra; see *Sabo* v. *Strolis,* 148 Conn. 504, 506, 172 A.2d 609 (1961) (limiting owner's damages for builder's breach by default in performance to cost of completion less outstanding balance of contract price). Otherwise, the owner would be placed in a better position than full performance would have put him, thereby doubly compensating him for the injury occasioned by the breach. See generally 5 A. Corbin, supra, § 1036; see also *Sabo* v. *Strolis,* supra.

In accordance with the foregoing principles, the sum of Argentinis' damages in the breach of contract action

---

[4] The amount saved "is subtracted only if the saving results from the injured party not having to perform rather than from some unrelated event." 3 Restatement (Second), Contracts § 347, comment (d).

[5] The drafters of the Restatement (Second) of Contracts aptly illustrate the operation of the "actual loss" concept in the context of construction contracts as follows: "A contracts to build a house for B for $100,000, but repudiates the contract after doing part of the work and having been paid $40,000. Other builders will charge B $80,000 to finish the house. B's damages include the $80,000 cost to complete the work less the $60,000 cost avoided or $20,000, together with damages for any loss caused by the delay. . . ." 3 Restatement (Second), Contracts § 348, comment (c), illustration 2; see id., § 347, comment (e), illustration 12.

should have been reduced by the unpaid $43,000 balance of the contract price represented by the mortgage note.[6] Argentinis would have had to bear the cost of the mortgage if Gould had rendered perfect and complete performance, and was relieved of it by reason of Gould's substantial failure to perform. Gould's failure, while preventing his success in the foreclosure action, did not warrant an award of damages to Argentinis in the breach of contract action that exceeded his actual loss by $43,000.

The judgment in the case of *Argentinis* v. *Gould* is reversed only as to the amount of the judgment, and the case is remanded to the Appellate Court with direction to remand the case to the trial court with direction to reduce the damages awarded to Argentinis by $43,000, and to award interest to Argentinis on the reduced judgment from the date of the first judgment of the trial court. The judgment in the case of *Gould* v. *Argentinis* is affirmed.

In this opinion the other justices concurred.

---

[6] Contrary to Gould's assertions, Argentinis' damage award should not also have been reduced by the sum of the interest that has accrued on the mortgage to date. The interest on the mortgage was not part of the balance of the contract price that Argentinis would have had to pay if Gould had completed performance of the contract. Indeed, it is undisputed, as Gould conceded in oral argument in this court, that the mortgage was intended solely to secure the balance that the parties then believed to be due to Gould. Since it was conclusively determined in the foreclosure action that Gould was not due that balance, Gould is not entitled to any rights under the mortgage.