[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant was defaulted for failure to plead on April 26, 1991, and this matter was heard on June 28, 1991 as a hearing in damages. The parties entered into a construction contract in May 1989. The initial agreement provided that the defendant would construct a modular home on the plaintiff's property for $180,000. The parties later agreed to changes in the contract and a revised contract price of $186,000. On various dates between December 19, 1988 and July 16, 1990 the plaintiff paid a total of $159,700 to the defendant. No work was performed on the modular home by the defendant from the date of the last payment to September 13, 1990. Some work occurred in September and October 1990, but the house was not completed by the original completion date of August 15, 1990. The defendant left the job in October 1990 and failed to return to complete the work under the contract. The plaintiff's attorney made demand on the defendant on December 3, 1990 for the defendant to complete the work within three weeks and repair all defective work, but the defendant failed to return to the job and abandoned it.
Substantial amounts of work remained to be done under the contract and the plaintiff then spent $16,844.28 for a septic CT Page 6259 system, well, electrical and plumbing work and other items necessary to complete the house. The work that was done by the defendant was defective in many respects and the plaintiff has received an estimate of $64,000 to correct the deficient work and complete the house to a sufficient extent to obtain a certificate of occupancy.
The rules for computing damages for breach of a construction contract can be summarized as follows: When a builder breaches a bilateral construction contract by an unexcused failure to render substantial performance he cannot maintain an action on the contract to recover the unpaid balance of the contract price because substantial performance, a condition of the owner's duty to pay the balance, has not been satisfied; however, the owner is only entitled to recover for his actual loss, and the amount of the cost saved by the builder's failure to complete the contract will be credited to the builder and subtracted from the loss of the owner caused by breach of the contract when calculating the owner's damages; accordingly, when an owner receives a defective or incomplete building, any part of the price that is as yet unpaid is deducted from the cost of completion that is awarded to him. Argentinis v. Gould, 219 Conn. 151, 157, 158. The plaintiff paid $159,700 towards the total contract price of $186,000. This left $26,300 remaining to be paid if the defendant had completed the contract. The cost to the plaintiff for corrective work and additional work to complete the contract is $64,000 plus $16,844.28, or $80,844.28. Crediting the defendant for the balance of the contract price, the damages owed to the plaintiff by the defendant for breach of the contract are $54,443.28.
The plaintiff also claims damages under the Connecticut Unfair Trade Practices Act, 42-110g C.G.S. It has not been proven by a preponderance of the evidence that the defendant's conduct amounted to unfair or deceptive practices, and no recovery is allowed under the sixth count of the amended complaint.
The plaintiff also claims attorney's fees under 21-86 (2) of the General Statutes which allows a party to recover court costs and reasonable attorney's fees where the seller of a new modular or prefabricated home fails to correct defective materials and workmanship or materials which occur within one year from the date of delivery of the home to the buyer, provided the buyer gives written notice of the defects to the seller. This occurred here. Three thousand four hundred and eighty-four dollars is allowed as reasonable attorney's fees.
Judgment shall enter for the plaintiff for $58,028.28 CT Page 6260 plus costs.
ROBERT A. FULLER, JUDGE