[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this two count complaint alleging breach of contract and unjust enrichment, the plaintiff, Bennell Hanover Associates, a general partnership, seeks to recover on a $125,000 promissory note executed by the defendant, Patricia E. Benedict. The defendant, her mother, Elena Duke Benedict, and her five sisters, are the partners of the plaintiff partnership. The plaintiff alleges that the defendant executed a demand note in this amount on January 15, 1986, that in June of 1992, payment of $100,000 was demanded, and that the defendant failed to pay the note, plus interest at the rate of 6%.
The defendant filed an answer and five "affirmative" defenses, referring to special defenses. Practice Book § 164. These defenses assert that if defendant signed the note, she was induced to do so by fraud; that the note is void for illegality; that if signed, it was the result of duress; that the note is unconscionable; and that there is a failure or consideration. The defendant contends, in essence, that the $125,000 she received from the plaintiff was not a loan that had to be repaid, but rather was a distribution in order to reimburse the defendant for certain stock that she had contributed to the plaintiff in April, 1985.
This case was referred to Attorney Ellen B. Wells, an attorney trial referee, in accordance with General Statutes § 52-434 (a) and Practice Book § 428 et seq. The referee conducted a trial and then CT Page 3380 filed her report containing the following findings of fact: (1) that the defendant, as well as each of her five sisters, signed a promissory note for $125,000, payable on demand to the plaintiff partnership; (2) that very shortly after the note was executed on January 15, 1986, the plaintiff deposited $250,000 to the defendant's account, and the voucher described the deposit as a "partnership distribution" and did not refer to a loan; (3) that a cash distribution journal identified $125,000 of the deposit as constituting a loan, and the balance as a partnership distribution; (4) that a financial statement covering 1985 and 1986 prepared by an outside accountant refers to a loan of $125,000 and a capital contribution of $125,000 to the defendant and to her sisters; (5) that the plaintiff's internal balance sheets for the same years do not refer to a loan, but rather reflect a credit of $255,000, the market value of 21,131 shares of stock in the Norda Corporation contributed to the plaintiff by the defendant; (5) that a K-1 prepared for the defendant for 1986 reflected a capital distribution of $125,000, not $250,000 or $255,000 as contended by the defendant; (7) that although the defendant claimed that she had no specific recollection of signing the note, she identified her signature thereon; and (8) that four of the defendant's five sisters paid the $100,000 that the plaintiff demanded be paid by August 3, 1992.
The attorney trial referee reached the following conclusions as a result of her findings of fact: (1) that the promissory note in question was signed by the defendant; (2) that the note was clear and unambiguous in its terms; (3) that the plaintiff satisfied its fiduciary duty by disclosing the amount of the loan and its terms; (4) that the defendant received consideration for the note, viz., the $125,000 deposited in her account by the plaintiff; (5) that the defendant did not prove that the plaintiff defrauded her; (6) that the contribution of Norda Corporation stock to the partnership increased her capital account, and the stock was not sold by the plaintiff; and (7) that judgment should enter for the plaintiff to recover $100,000 from the defendant, plus interest at 6% from August 3, 1992, when payment was due.
The defendant, pursuant to Practice Book § 438, moved to correct the report to reflect that: (1) the defendant did not receive any consideration for the promissory note as the deposit of $250,000 to her account represented a partnership distribution based on the defendant's contribution of the Norda stock, in the approximate value of $255,000, to the plaintiff partnership; (2) the plaintiff's cash distribution journal, which reflected a loan CT Page 3381 of $125,000, should not have been admitted into evidence for lack of a proper foundation; (3) the defendant did not show the financial statements she received from the plaintiff to anyone; (4) the plaintiff itself characterized the January, 1986, deposit of $250,000 as a partnership distribution; (5) the plaintiff did not impute interest on the alleged loan in its tax returns, and if the $125,000 had been a loan, the plaintiff would have been obliged to do so; and (6) the plaintiff breached the fiduciary duty it owed the defendant by not disclosing to her that it was treating $125,000 as a loan.
In response to the motion to correct, the attorney trial referee declined to make any corrections to her report or to her recommendation that judgment enter in favor of the plaintiff, except: (1) to note that the defendant did not personally review the financial statements and tax information prepared by the plaintiff, but that she sent the tax documents to her accountant, and the plaintiff itself sent the financial information directly to the defendant's "professional financial advisor" and (2) to strike the finding from her report which indicated that four of her sisters had paid their notes, because the referee had sustained an objection to the question, although the defendant answered it anyway.
The defendant filed combined exceptions/objections to the referee's report pursuant to Practice Book § 439, and § 440, and properly included the required transcript of the evidence that was introduced at the trial. The exceptions contend that the referee was in error in failing to find those facts referred to in the defendant's motion to correct, and in failing to strike certain facts as requested by the defendant. The essence of defendant's argument is that she did not receive any consideration for the alleged loan because all the money deposited to her account was a distribution of partnership assets based on her contribution of Norda Corporation stock to the plaintiff partnership in the approximate amount of $255,000.
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does CT Page 3382 not appear." Dills v. Enfield, 210 Conn. 705, 714, 557 A.2d 517
(1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. See also Practice Book § 440.
Therefore, the first issue is whether the referee's factual findings are supported by the record. A review of the transcript indicates, among other things, that Richard Piemonte, the chief operation officer of Duke Benedict, Inc., a Benedict family holding company, which manages the plaintiff partnership's affairs, identified the defendant's signature on the note[1] and testified very explicitly that $125,000 of the $250,000 distributed to the defendant in January, 1986, was a loan that the plaintiff expected to be repaid.[2]
It follows that there was sufficient credible support in the record for the factual findings made by the referee, although certainly evidence to the contrary was presented at trial. There were documents generated by the plaintiff that could lead one to infer that the total payment to the defendant represented a partnership distribution of $250,000. The plaintiff's documents were not altogether consistent in their description of the transaction, but it is axiomatic that "[where] evidence is in conflict, its probative value is for the trier of fact to determine." Bernard v. Gershman, 18 Conn. App. 652, 656,559 A.2d 1171 (1989). It appears from reviewing the defendant's motion to correct and her exceptions to the report, that the defendant is attempting to substitute her own version of the facts for those found by the referee, a practice discountenanced in Argentinis v.Gould, 23 Conn. App. 9, 19, 579 A.2d 1078, rev'd on other grounds,219 Conn. 151, 592 A.2d 375 (1991).
In addition to determining whether "there was . . . evidence to support the attorney trial referee's factual findings," the remaining task is limited to determining whether her legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v.Gershman, supra, 18 Conn. App. 656; see also Practice Book § 440. As was noted, the defendant did file objections to the acceptance of the referee's report, Practice Book § 440, reiterating her contention that the referee had erred in determining that the plaintiff received consideration for the promissory note that she executed. The defendant succinctly summarized her position by describing the $250,000 she received in January, 1986, as "a partnership distribution corresponding to defendant's contribution CT Page 3383 of $255,852 worth of Norda/Adron stock to Bennell Hanover the previous year."
Based on the standard of review in Dills v. Enfield, supra,210 Conn. 714, the court cannot agree with the defendant that the attorney trial referee's conclusion that the plaintiff is entitled to recover on the promissory note executed by defendant was unwarranted, illegal or illogical. To the contrary, in the words of Practice Book § 440, her recommendations were "properly reached on the basis of the subordinate facts found." No material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable; see Practice Book § 443. The referee heard testimony that the defendant acknowledged receipt of $250,000 and that her signature appeared on a promissory note for $125,000. The only issue is whether she is correct in describing the whole amount as a distribution, or whether the plaintiff proved that the defendant is obliged to repay $125,000 of that sum, as represented by a promissory note in that amount. After hearing the evidence, including testimony from the defendant herself, the referee concluded that the $125,000 was a loan that has to be repaid. The court finds that the referee's conclusion in that regard was "properly reached on the basis of the subordinate facts found." See Practice Book § 440. Accordingly, judgment is entered in favor of the plaintiff to recover from the defendant the sum of $100,000, plus interest at the rate of 6% per year, commencing on August 3, 1992, when the defendant was obliged to make payment of the note in issue, to the date of this judgment, which amounts to $16,386.50, for a total judgment of $116,386.50.
Statutory costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of April, 1995.
William B. Lewis, Judge