[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The central issue in this case is whether the provisions of a certain certificate issued in 1964 to the plaintiff, George Goldman, by the defendant, Rockrimmon Country Club, Inc. (Rockrimmon), entitle the two other plaintiffs, Goldman's daughter, Marjorie Weissman, and her husband, Wayne Weissman, to automatic membership in Rockrimmon, a private, nonstock country club located in Stamford. The certificate provided in pertinent part that Rockrimmon conferred upon each of Goldman's "sons and daughters the right and privilege upon individual application to become a Regular Member of Rockrimmon Country Club without payment of any initiation or other entrance fee or assumption of liability or charge or assessment for capital improvements."
In the first count of their four count complaint, the plaintiffs allege that despite Goldman having been given the above quoted certificate by the defendant Rockrimmon, the Weissmans' application for regular membership in the defendant country club was rejected in March, 1992. Goldman alleges that this rejection violated the contract he had with Rockrimmon. In the second count, the Weissmans allege that they are the third-party beneficiaries of the contract between Goldman and Rockrimmon. In the third and fourth counts, the Weissmans claim that they suffered monetary damages equal to the present value of a regular membership in the defendant club. In their prayers for relief, the plaintiffs seek both a decree of specific performance that the Weissmans be granted regular membership in the defendant, and money damages.
In addition to denying the material allegations of the complaint, except the claim that the Weissmans had been denied regular membership, which was admitted, the defendant filed a special defense that Wayne Weissman had been accepted as a junior member in 1975, without the necessity of paying an initiation fee, had resigned two years later, and therefore any obligation owed by the defendant by virtue of the certificate issued to Goldman had been fully satisfied, and the Weissmans were estopped CT Page 5688 from pursuing this present claim.
The case was referred to Attorney Trial Referee Kevin Tierney, in accordance with General Statutes § 52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and then filed his report containing the following findings of fact: (1) that Goldman became a member of Rockrimmon in 1958 and was a member in good standing as of December 31, 1958, when he was given a certificate relating to benefits obtainable by his sons and daughters; (2) that this certificate was given in exchange for the surrender of certain property rights Goldman had owned in Long Ridge Enterprises, Inc., the previous owner of the land on which Rockrimmon was situated, and which sold this land to Rockrimmon; (3) that Goldman resigned from Rockrimmon in 1976, at which time he was a member in good standing, and hence the certificate in issue applied to his daughter, Marjorie Weissman, as a third party beneficiary of said certificate; (4) that Wayne Weissman had been accepted as a junior member of the defendant in 1975, and thereafter resigned upon moving to California; (5) that the initiation fee at Rockrimmon was $45,000, which would be waived in the event the Weissmans had become regular members of the defendant; (6) that the Weissmans applied for regular membership in December, 1991; (7) that the defendant's bylaws, which had been enacted in 1990, provided for a two-step application process, a preliminary and then a formal application; (8) that the application required the signatures of two sponsors, and the Weissmans' application did not contain signatures by any sponsors; (9) that the defendant rejected the Weissmans' application because Norman Reader, a member of the defendant in good standing, objected to their joining Rockrimmon because he contended that Mr. Weissman, in his capacity as an insurance agent for First Stamford Bank Trust Company, of which Reader was chairman and chief executive officer, failed to perform his obligations as such agent in a satisfactory manner; (10) that the Weissmans' 1991 application was formally rejected in March of 1992, and thereafter Mrs. Weissman applied for membership in her own name, which application was also rejected in September, 1993; (11) that the board of governors subsequently approved the actions of its admissions committee in rejecting both applications on the grounds that Mr. Weissman did not meet the requirement of the bylaws that only persons of "good moral character" would be admitted to the defendant club; (12) that the president of Rockrimmon, Julian Brachfeld, personally investigated the allegations made by Reader regarding dealings CT Page 5689 between Mr. Weissman's insurance agency and Reader's bank by contacting another official of First Stamford Bank Trust Company; and (13) that Dr. James Rubin, head of the admissions committee at the time, also personally investigated Reader's contentions about Mr. Weissman, and thereafter stated at a meeting with the plaintiffs' attorney that he was not satisfied with Mr. Weissman's responses to questions relating to his business dealings with Reader's bank.
The attorney trial referee reached the following conclusions as a result of his findings of fact: (1) that Goldman had the right to the benefits contained in his certificate; (2) that the plaintiffs were not estopped from pursuing this claim because Mr. Weissman was accepted as a junior member, and the certificate applied only to regular members; (3) that the Weissmans were not entitled to automatic membership in Rockrimmon, but rather had to apply for membership in the standard fashion, and if accepted, then the initiation fee of $45,000 would be waived; and (4) that in processing the Weissman's applications, the admissions committee and the defendant Rockrimmon acted reasonably and in compliance with the club's bylaws by independently investigating and verifying Reader's claims.
The plaintiffs thereafter moved in a timely fashion, pursuant to Practice Book § 438, to correct the report to reflect that: (1) the certificate given to Goldman afforded his sons and daughters the automatic right to become regular members of the club, and therefore the reason for Reader's opposition to the Weissmans' application was irrelevant; (2) Mr. Weissman had already sold his insurance agency at the time of the dispute between the agency and Reader, the bank's insurance policy had not been canceled, and there were no unpaid claims;[1] and (3) the Weissmans have sustained damages in the amount of $45,000, the value of a membership in the defendant club.
In response to the plaintiffs' motion to correct, the attorney trial referee declined to make any substantive changes in his recommendations, but rather reiterated his conclusions that the Weissmans were not entitled to automatic membership in Rockrimmon, and that the defendant, in rejecting their application for membership, had complied with its bylaws.
As to this court's standard of review of an attorney trial referee's findings of the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the CT Page 5690 case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Town of Enfield, 210 Conn. 705,714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. Thus, generally this court's task consists of, first, determining whether "there was . . . evidence to support the attorney trial referee's factual findings," and, second, whether "the conclusions reached were in accordance with the applicable law. Thermoglaze, Inc. v. Morningside Gardens, Co., 23 Conn. App. 741,746, 583 A.2d 1331, cert. denied, 217 Conn. 811,587 A.2d 153 (1991).
In the present case, the plaintiffs did not file any exceptions to the report. Practice Book § 439. It follows therefore that the factual findings by the referee must stand uncorrected because a failure to file exceptions constitutes in effect a waiver of the right to "attack the subordinate factual findings contained in the report." See Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989) (holding that a failure to file a motion to correct waived the right to challenge the referee's subordinate factual findings).
The plaintiff did file objections to the report in accordance with Practice Book § 440, which provides that one may file objections in the event a party contends that the referee's conclusions were not properly reached on the basis of the subordinate facts that were found, or that there were erroneous evidentiary rulings, or "other reasons why the report should not be accepted." The objection relates to the referee's conclusion that the Weissmans were not entitled to automatic membership in the defendant club, but, on the contrary, were obliged to apply for membership, which they did, and to be accepted, which did not occur. This conclusion was based upon his finding that the wording of Goldman's certificate clearly requires an application for membership, and waiver of the initiation fee only if the application is accepted. ("confer upon and grant to each of [Goldman's] sons and daughters the right and privilege upon individual application to become a Regular Member of [defendant] without payment of any initiation or other entrance fee"). In other words, the right is to be absolved from the necessity of paying a $45,000 initiation fee, but not to automatically obtain CT Page 5691 membership in the defendant club. An "individual application to become a Regular Member" is required by the certificate.
The trial court must accept the referee's findings of fact in the absence of valid exceptions to the report, and therefore its task is limited to determining whether the legal conclusions "are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, supra,18 Conn. App. 656; Practice Book § 440. In the present case, the first issue is whether the court system should concern itself under any circumstances with membership in private, social organizations. The attorney trial referee determined that as a general proposition the courts do not become involved in disputes regarding membership in, or expulsion, from private, social organizations. "[I]n the ordinary case courts should be reluctant to intervene in the affairs of private clubs." Sterner v.Saugatuck Harbor Yacht Club, Inc., 188 Conn. 531, 537,450 A.2d 369 (1982). On the other hand, the courts retain the right to reverse such an organization's determination if the organization fails to follow "the nonstock corporation statutes, its certificate of incorporation, and its bylaws." Id., 535. "Membership in the club is required by statute (General Statutes § 33-459)[2] to be governed by bylaws that are reasonable. Bylaws reasonable on their face may not be unreasonably applied." Id., 536.
In the present case, however, as previously noted, the referee found as a fact that the defendant Rockrimmon complied with its bylaws by reviewing the Weissman's application, circulating it for comment by the membership, obtaining a comment by Reader, independently investigating the claim,[3] and then discussing the application both before the admissions committee and ultimately the defendant's board of governors.
The finding by the referee that the certificate given to the plaintiff Goldman was not intended to afford automatic membership in Rockrimmon to his offspring was based at least in part on the testimony of the witnesses, and accordingly should not be disturbed.[4] "The referee was obliged to ascertain the intent of the parties and what the parties intended to include in their [agreement] is a question of fact. . . . Absent clear error, [the court] will not disturb the trier's factual findings." (Citation omitted; internal quotation marks omitted). Flaxman v.Interbrands Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 117731 (April 5, 1994, CT Page 5692 Lewis, J.).
The referee's conclusion regarding automatic membership in the defendant club follows logically from his findings of fact. The transcript of the trial indicates that evidence to the contrary was presented, but "[w]here evidence is in conflict, its probative value is for the trier of fact to determine." Bernardv. Gershman, supra, 18 Conn. App. 656. It appears from reviewing the plaintiffs' motion to correct, and their objections to the report, that they are attempting to substitute their own version of the facts for those found by the referee, a practice discountenanced in Argentinis v. Gould, 23 Conn. App. 9, 19,579 A.2d 1078, rev'd on other grounds, 219 Conn. 151, 592 A.2d 375
(1991).
The attorney trial referee's conclusions that sons or daughters of a certificate holder are not entitled to automatic membership in Rockrimmon, and that the defendant club, in rejecting the Weissmans' application, followed in own bylaws, appear to be legally and logically correct, and the court agrees with his recommendations on these issues. No material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable. See Practice Book § 443. The court finds that the referee's conclusions were "properly reached on the basis of the subordinate facts found." See Practice Book § 440.
Accordingly, judgment enters for the defendant.
Statutory costs are to be taxed by the clerk.
So Ordered
Dated at Stamford, Connecticut, this 17th day of May, 1995.
William B. Lewis, Judge