[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant Town of Hamden has filed a motion to strike all counts of the amended complaint filed by the plaintiff city of New Haven Water Pollution Control Authority. The plaintiff has CT Page 5919 objected that since the amendment of the complaint affected only the first and fourth counts, the defendant's prior answer to the remaining counts, counts 2 and 3, precludes the present motion to strike those counts.
The court finds that the second and third counts were not altered by the December 29, 1994 amendment of the complaint, and that by filing an answer to those counts the defendant has waived the right to move to strike them. See P.B. § 113.
The court will, accordingly, consider the merits of the motion to strike only as to the first and fourth counts of the second amended complaint.
Standard
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchardv. People's Bank, 219 Conn. 465, 471 (1991); Ferryman v. Groton,212 Conn. 138, 146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike.Bouchard v. People's Bank, 219 Conn. 465, 471; Senior v. Hope,156 Conn. 92, 97-98 (1968).
Count 1
In the first count of its second amended complaint, the plaintiff claims that the defendant breached its obligation to pay amounts owed under an agreement by which the plaintiff supplies sewage treatment service to the defendant. The plaintiff has alleged that it "duly performed and provided all water treatment services as outlined in the Interlocal Agreements and continues to do so to its loss and detriment (Second Amended Complaint, Count 1, para. 16) and that the defendant has failed to pay its share of the costs pursuant to the express and implied terms of Interlocal Agreement." (Second Amended Complaint, Count, para. 17). CT Page 5920
In its motion to strike, the defendant claims that the plaintiff has failed to state a claim for breach of contract because the plaintiff has failed to specifically plead that it has complied with all of terms of the contract, not just those requiring it to perform sewage treatment services. Specifically, the defendant claims that the plaintiff has not and cannot plead that it has fulfilled its alleged obligation to perform audits.
A plaintiff who seeks to recover damages for breach by the other party to a bilateral contract must allege substantial performance of its own obligations under that contract. Argentinisv. Gould, 219 Conn. 151, 157 (1991); 2 Restatement (Second) Contracts § 237. Contrary to the contention of the defendant, the plaintiff need not allege its performance in detail but may allege in general terms substantial compliance with the obligations that give rise to the other party's duty to perform. DuBose v.Carabetta, 161 Conn. 254, 262 (1971). A defendant who claims breach by the plaintiff that excuses performance then must plead that breach as a special defense. Id.
The defendant mistakenly argues to the effect that unless the plaintiff pleads punctilious performance of each of its obligations, it has failed to plead a cause of action. A plaintiff claiming breach of contract need only plead substantial performance. DuBose v. Carabetta, supra; and only a showing of material nonperformance defeats a claim. 2 Restatement (Second) Contracts, § 237:
 Except as stated in § 240, it is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material
failure by the other party to render any such performance due at an earlier time [emphasis supplied].
The plaintiff has failed to plead that it has substantially performed its own obligations under the contract it invokes. Its allegation of performance of a specific portion of its obligations is not a substitute for such an allegation of substantial performance of its obligations as a whole. Accordingly, it has failed to state a cause of action for breach of contract, and the motion to strike is granted as to the first count of the complaint. CT Page 5921
Count 4
In the fourth count of the amended complaint, the plaintiff alleges that the defendant has been unjustly enriched by the furnishing of services for which it has not paid the reasonable value.
Recovery under a theory of unjust enrichment may be had when justice requires compensation to be given for property or services rendered under a contract and no remedy is available by an action on the contract. Hartford Whalers Hockey Club v. Uniroyal GoodrichTire Co., 231 Conn. 276, 282 (1994); 5 S. Williston, Contracts (Rev. Ed.) § 1479. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Hartford Whalers Hockey Club v. Uniroyal Goodrich TireCo., 231 Conn. 276; Franks v. Lockwood, 146 Conn. 273, 278 (1959).
Plaintiffs seeking recovery for unjust enrichment must prove 1) that the defendants were benefitted [benefited], 2) that the defendants unjustly did not pay the plaintiffs for the benefits, and 3) that the failure of payment was to the plaintiffs' detriment. Polverariv. Peatt, 29 Conn. App. 191, 200-201 (1992).
The plaintiff has adequately pleaded facts alleging a claim of unjust enrichment. The movant has cited no case holding that the pleading requirement set forth above as to a contract claim applies to a claim of unjust enrichment.
Accordingly, the motion to strike the fourth count is denied.
Conclusion
The motion to strike is granted as to the first count; the motion to strike is denied as to the second, third and fourth counts of the amended complaint.
Beverly J. Hodgson Judge of the Superior Court CT Page 5922