[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David DeNegre, d/b/a Oak Tree Construction Co., has brought this action to foreclose a mechanic's lien upon the property of the defendants, Thomas Hugh Jasorkowski and Dorothy A. Jasorkowski, located at 58 Pearson Street in the City of Milford.
The mechanic's lien (Exhibit D) dated October 5, 1993, alleges that the work commenced on June 7, 1993 and was completed August 27, 1993. The lien was filed on October 5, 1993 and alleges $10,300.00 due for labor and materials furnished pursuant to the terms of a home improvement contract (Exhibit A) entered into between the parties.
The home improvement contract, the underlying subject CT Page 13463 matter of this dispute, was executed by the parties on March 2, 1993 with the work to commence on April 1, 1993 and to be completed on or about April 21, 1993. The price for the work was to be $34,000.00 with a payment of $18,500.00 due prior to commencement of the work. Upon completion, the defendants were to pay the remaining $15,500.00. Work did not begin on April 1, 1993 and, despite weekly overtures on the part of the defendant, the work did not begin until sometime in July of 1993. On June 15, 1993, the parties executed a change order in the amount of $1484.87. Despite repeated efforts on the part of the defendants to get the plaintiff to do the work, they were unsuccessful. The defendant Dorothy Jasorkowski testified that she paid plaintiff additional sums of money: $5,000.00 on July 15, 1993 and $2,000.00 on August 5, 1993 in an effort to get him to do the work. The plaintiff indicated to the defendants that his main subcontractor "bombed out" and that he was having difficulty obtaining the subcontractors to do the work. The Jasorkowskis, in preparing for DeNegre to do the work, removed the cabinets in the kitchen sometime in April. The kitchen was unusable until sometime in September.
The plaintiff did no work on the site after August. At that time, he was trying to get the defendants to advance additional sums of money which was refused. The plaintiff then walked off the job. When they inquired of him as to the disposition of previous sums advanced, his response was that he put it back in the job. The evidence presented indicates otherwise. It came to the attention of the defendants that the subcontractors were not being paid. They were contacted and arrangements were made for them to be paid.
Most of the items contained in Exhibit C which was the change order of September 29, 1993 were part of the original contract. The defendants signed the same in the hope that the plaintiff would complete the job. They were unsuccessful in this effort. No additional work was performed pursuant to the September 29, 1993 change order. The plaintiff failed to complete the job. The work that had been done previously was done in a poor and unworkmanlike manner.
In October the defendants engaged one DeBenedet, the plaintiff's chief subcontractor, to complete the work remaining to be done, paying him $7709.00. (See Exhibit J.4). This payment included work he had performed as a subcontractor for the plaintiff. The defendants will need to spend CT Page 13464 additional sums to complete the work.
The court finds that the plaintiff breached the contract in that he left the job with work remaining to be done. The defendants were left to find other means to complete the work. In addition, the court finds that a substantial part of the work was done in an unworkmanlike manner. In order to finish the work, the defendants have spent or will spend the sum of $9,333.54.
"The sum of damages awarded as compensation in a breach of contract action should place the injured party in the same position as he would have been in had the contract been performed." Argentis v. Gould, 219 Conn. 151, 157 (1991).
In Exhibit B, the court notes that the revised contract price was $32,984.57. Adding to this the cost of completion ($9,333.84) the total paid or to be paid by the defendants amounts to $34,833.54, exceeding the contract price by $1,848.97. The court enters judgment for the defendants on the initial complaint and for the plaintiffs Thomas and Dorothy Jasorkowski on the counterclaim in the amount of $1,848.97.
The Court
By Curran, J.