SUMMARY ORDER

Electric Boat Corp. (“Electric Boat”) appeals from a May 11, 2007 judgment in the amount of $576,054 entered in the United States District Court for the District of Connecticut (Eginton, J.) in favor of Millennium Aviation Services, Inc. D/B/A Executive Airlines (“Executive Airlines”). Executive Airlines cross-appeals from the district court’s denial of prejudgment interest. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
Electric Boat and Executive Airlines formed a one-year contract (the “Contract”) in which they agreed that Executive Airlines would provide a minimum number of air flights per month for Electric Boat employees. The Purchase Order Supplement No. 1 included two provisions permitting Electric Boat to terminate early: Paragraph 2(A) permitted termination for any reason upon six months’ written notice; Paragraph 2(B) permitted termination for cause upon ten days’ written notice.
Six weeks into the Contract period, an Executive Airlines plane crashed and Electric Boat terminated the Contract, refusing to pay for any services not already rendered. Executive Airlines sued for breach of contract.
This case was tried twice to a jury. The first jury determined that Electric Boat terminated without cause, and assessed damages of $472,368. But the district court ordered a new trial on the ground that the damages calculation was unsupported by the evidence. The district court left intact the jury’s finding that “Electric Boat terminate[d] the contract with Executive Airlines in accordance with [Paragraph 2(A) of Supplement Number 1.”
After a second jury trial, on damages, Executive Airlines was awarded $576,054. Electric Boat appeals from that verdict on the ground that the district court erred in refusing to instruct the jury that it could award only up to six months’ damages.
“When a party challenges a court’s jury charge, this Court reviews the jury instructions de novo and as a whole.” Boyce v. Soundview Tech. Group, Inc., 464 F.3d 376, 390 (2d Cir.2006). “ ‘A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.’ ” Id. (quoting LNC Invs., Inc. v. First Fid. Bank, N.A., 173 F.3d 454, 460 (2d Cir.1999)). “‘An erroneous instruction requires a new trial unless the error is harmless.’ ” Id. (quoting LNC Invs., 173 F.3d at 460). “An erroneous jury instruction is harmless if it is clear that it did not influence the jury’s verdict.” Id.
*78 Under Connecticut law, “[t]he intent of the parties as expressed in a contract is determined from the language used interpreted in the light of the situation of the partiés and the circumstances connected with the transaction.... ” Honulik v. Town of Greenwich, 290 Conn. 421, 963 A.2d 979, 987 (2009) (quoting Conn. Light & Power Co. v. Lighthouse Landings, Inc., 279 Conn. 90, 900 A.2d 1242, 1253 (2006)). “Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms.” Id. (quoting Conn. Light & Power Co., 900 A.2d at 1253).
“It is axiomatic that the sum of damages awarded as compensation in a breach of contract action should place the injured party in the same position as he would have been in had the contract been performed .... ” Hees v. Burke Constr., Inc., 290 Conn. 1, 961 A.2d 373, 378 (2009) (quoting Argentinis v. Gould, 219 Conn. 151, 592 A.2d 378, 381 (1991)). A party cannot “be placed in a better position than full performance would have put him, thereby doubly compensating him for the injury occasioned by the breach.” Id. (quoting Argentinis, 592 A.2d at 381).
Paragraph 2(A) unambiguously permitted Electric Boat to terminate without penalty on six months’ notice. Where a contract permits a party to terminate upon notice, and a party fails to provide the required notice, contract damages are limited to the notice period. See, e.g., Petereit v. S.B. Thomas, Inc., 63 F.3d 1169, 1186-87 (2d Cir.1995); Trimed, Inc. v. Sherwood Med. Co., 977 F.2d 885, 892-93 (4th Cir.1992); Sierra Wine and Liquor Co. v. Heublein, Inc., 626 F.2d 129, 132 (9th Cir.1980); Nationwide Airlines (PTY) Ltd. v. African Global, Ltd., No. 3:04 CV 00768, 2007 WL 521155, at *20-21 (D.Conn. Feb. 14, 2007); Smalley Transp. Co. v. Bay Dray, Inc., 612 So.2d 1182, 1190 (Ala.1992); Royal’s Reconditioning Corp. v. Royal, 293 Ill.App.3d 1019, 228 Ill.Dec. 365, 689 N.E.2d 237, 241 (1997).
Had Electric Boat complied with the terms of the Contract, it would have continued to use Executive Airlines’ services for six months after sending written notice of termination on June 7, 2000. Because Electric Boat failed to provide six months’ notice, Executive Airlines lost the profit it would have made during the notice period. Executive Airlines is entitled to these lost profits, as well as “overhead or fixed expenses that it could not have reasonably avoided,” (Trial Tr. 121:8-10). See Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. Ensign-Bickford Co., No. 3:98 CV 1857, 2004 WL 722231, at *5 n. 4 (D.Conn. March 30, 2004) (noting that “under Connecticut law, overhead expenditures are recoverable as an element of damages” in a breach of contract claim for lost profits).
The district court’s failure to properly instruct the jury was not harmless. Executive Airlines’ expert testified that it was entitled to $931,000. Electric Boat’s expert calculated damages of approximately $57,000. The jury award could not have represented the amount suggested by Executive Airlines’ expert reduced to account for only six months’ damages, because that would have computed to $508,000, not $576,054. Thus, even if the jury accepted the profit calculation of Executive Airlines, the jury could not have awarded $576,054 for six months. Because it is clear that the district court’s error influenced the jury, the jury’s verdict cannot stand.
This case has already been before three district court judges and has been tried to two juries. These circumstances justify remittitur. Because the district court is more familiar with the case than this Court, we vacate the second jury’s verdict and remand for the district court to set the *79 appropriate remittitur amount. See Fabri v. United Techs. Int’l, Inc., 387 F.3d 109, 127 (2d Cir.2004). Of course, if Executive Airlines does not “agree to remit that portion of the jury verdict deemed excessive,” it is entitled to a new trial before a properly instructed jury. Imbrogno v. Chamberlin, 89 F.3d 87, 90-91 (2d Cir.1996).
Executive Airlines makes two arguments on cross-appeal from the denial of prejudgment interest. First, it argues that a jury should have decided whether it was entitled to prejudgment interest. But Executive Airlines waived that argument when it declined to request a jury instruction on prejudgment interest and agreed to have the court decide the question once the jury started deliberating.
Second, Executive Airlines argues that the district court erred in denying prejudgment interest. Under Section 37-3a of the Connecticut General Statutes, “interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions ... as damages for the detention of money after it becomes payable.” “The real question in each case is whether the detention of the money is or is not wrongful under the circumstances.” Ferrato v. Webster Bank, 67 Conn.App. 588, 789 A.2d 472, 477 (2002) (quoting Bertozzi v. McCarthy, 164 Conn. 463, 323 A.2d 553, 554 (1973)). “ ‘[Wjrongful’ is not synonymous with bad faith conduct[;] [rjather, wrongful means simply that the act is performed without the legal right to do so.” Id. “[T]he allowance of interest as an element of damages is ... primarily an equitable determination and a matter lying within the discretion of the trial court.” Id. (quoting Bertozzi, 323 A.2d at 555-56).
The district court denied prejudgment interest after determining that Electric Boat did not wrongfully withhold funds and that the amount it owed Executive Airlines was heavily disputed, preventing it from rendering payment earlier. The district court’s decision was consistent with the evidence and the jury’s verdict at the first trial. Accordingly, we affirm the denial of prejudgment interest.
For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part for further proceedings consistent with this order.