[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION OF SUPPORT
The defendant has served the plaintiff with a citation seeking a modification of support, claiming a substantial change of circumstance since the date of the decree of dissolution entered before the undersigned on June 28, 1995. This motion is filed pursuant to the provisions of § 46b-86 (a) of the General Statutes.
On June 28, 1995, the parties entered into a Separation Agreement in which the defendant agreed in paragraph 3.1 of that agreement to pay child support in the amount of $250 each week. The agreement recited that this amount was "not within the applicable guidelines for support as determined by the financial affidavit of the husband." At the time of the decree, the court found that it was inequitable or inappropriate to apply the child CT Page 4332-YYY support guidelines and deviated from the guidelines pursuant to § 46b-215a-3 (b)(5)(A) of the guidelines' regulations "division of assets and liabilities."
It was clear that the defendant was receiving the entire business of AAAA Huntington Alarm valued at $45,000 (see defendant's financial affidavit of June 28, 1995) and so the reason for the deviation.
The plaintiff in unrefuted testimony testified that immediately after the court proceedings the defendant made the following statements to her: "I'm not through with you. Now that the divorce is over, I'm taking you back to court to cut child support." The defendant was true to his word for on November 13, 1995, four and a half months later, he caused to be filed the predecessor of today's motion.
Since the court found that it was inequitable or inappropriate to apply the child support guidelines, the defendant cannot avail himself of the provisions of § 46b-86 (a) seeking modification because the order "substantially deviates from the child support guidelines." See McHugh v. McHugh, 27 Conn. App. 724,728 (1992). The defendant must prove that there has been a substantial change of circumstances justifying modification of the previous support order.
Support is for the parties' minor child Sara who is nine years of age and resides with her mother in the former marital home located in Shelton. The plaintiff, at the time of the decree and presently, is employed by Physicians Health Services and earns a net weekly wage of $455.91. She owns the marital home free of any indebtedness, but owes $47,500 to her parents who loaned her the money to pay this sum to the defendant at the time of the decree of dissolution in accordance with the parties' agreement. The court finds no change in her financial circumstances. Clearly, what she receives in child support is necessary to meet her expenses as those expenses are set forth in her financial affidavit.
There has been, however, a substantial change in the defendant's financial circumstances. On November 1, 1995, he sold the business known as AAAA Huntington Alarm for $110,000. As previously noted, the business was valued in his financial affidavit of June 28, 1995 at $45,000. In addition, however, the defendant entered into an agreement containing a covenant not to CT Page 4332-ZZZ compete on his part for which he was to receive $265,000 to be paid to him monthly over a fifteen year period with interest at six percent per annum less an amount of $550 for each customer who is not a customer of the Buyer as of November 1, 1996. The defendant receives a monthly payment of $2,236.60, which monthly payment shall not be reduced by credits as set forth in the contract. (See paragraph 1.7, page 6 of plaintiff's exhibit A.)
The defendant thereafter purchased an existing business, Huntington Cleaners, in Shelton and with it a new venture called Crazy Man Cleaners (see plaintiff's exhibit B). He married in March, 1996 and his wife works with him in the business. He paid $80,000 for the dry cleaning business. The defendant, however, fails to list his dry cleaning business in his financial affidavit dated May 22, 1996 and fails to attribute any value as an asset to his covenant not to compete. It is certainly clear that this covenant not to compete and the present value of an annuity of $2,236 per month over 15 years has a value and that the same should be listed in his financial affidavit. The defendant's assets should be increased by at least an additional $80,000 and a substantial figure for the right to receive $2,260 per month for the next 14 1/2 years.
The defendant's motion states in paragraph 6 that the defendant is currently paying child support on behalf of James Fedak, Jr. This is in error. James Fedak, Jr., a child of the defendant's first marriage, is 27 years of age. Paragraph 7 of the defendant's motion states as follows: "Due to defendant's rapidly failing eyesight, which may cause him to become legally blind, the defendant has been forced to sell the above stated alarm and monitoring business."
The court finds that the defendant has not seen his eye doctor in over a year and that his failing eyesight did not force him to sell his alarm business. The court finds, further, that the defendant has failed to prove that his eyesight is any worse now than it was in June, 1995. The paragraph further states: "As a result of the selling of said business, defendant now receives less income per week and seeks a modification of child support to reflect the child support guidelines."
The court finds that the defendant's income has, indeed, increased by reason of the payments received on his covenant not to compete. This is properly income and to be considered in setting a proper figure for support. (See Child Support and CT Page 4332-AAAA Arrearage Guidelines Regulations, § 46b-215a-1 Definitions (11) "Gross Income" (A)(viii) net proceeds from contractual agreements.)
The court finds that the defendant has had a substantial change of circumstances but that substantial change is an increase in his net worth and an increase in his net income. These changes are reflected in the defendant's sworn financial affidavit of December 14, 1996, which more clearly reflects his true financial circumstances. This, undoubtedly, was before he bought Huntington Cleaners so that the $91,000 in Shawmut savings would be reduced by $80,000, the purchase price of the cleaners. However, even this affidavit did not reflect a value for the covenant not to compete.
The defendant has not sustained his burden in demonstrating that there has been a substantial change of circumstance such that the current order of support of $250 per week should be reduced. The court finds that it continues to be inequitable or inappropriate to apply the child support guidelines in this case. Based upon the current figures for income and deductions, the defendant's obligation for support would be $102 per week. The court originally deviated from the guideline amount based upon the provisions of § 46b-215a-3 (b)(5) of the Child Support Guideline Regulations. That provision of the regulations continues to justify the court's deviation.
The Motion for Modification of Support is denied. Support shall continue in the amount of $250 per week.
EDGAR W. BASSICK, III, JUDGE