[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision dated July 18, 1997, rendered by a family support magistrate, denying defendant's motion for modification of the current child support order payable by the defendant to the plaintiff. The appeal was filed on July 29, 1996.
The Motion for Modification filed July 8, 1997 claimed that the current child support should be modified because there had been a substantial change in the defendant's financial circumstances since its entry. The motion was filed at the judicial district clerk's office. It was heard in magistrate court. The most recent prior support order had been temporarily modified by Magistrate Hutchinson on March 14, 1997 with approval of the order by a Judge of the Superior Court (Pittman, J.) on April 14, 1997. That order provided that child support was CT Page 13352 temporarily modified from $60.00 per week to $94.00 per week "unallocated for the minor children." It further provided, "[t]he defendant is ordered to search for a job. He is ordered to file job applications for at least ten jobs per week and to register with two temporary employment agencies." It was this order that the defendant sought a modification of before the magistrate (Matasavage, F.S.M.) on July 18, 1997.
At the July 18, 1987 hearing, the plaintiff was present with a support enforcement officer spokesperson and the defendant was present with counsel. The defendant submitted a sworn financial affidavit at that hearing. In salient part, the affidavit disclosed zero income. At the time of the March, 1997 hearing the magistrate had found the defendant's income to be $310.00 per week.
In denying the defendant's motion to modify, the court stated:
"Well, it's clear to me that he has an earning capacity to pay his orders. His efforts to find employment, I think he's looked for certain jobs in certain fields. He has three children that still have to eat, whether or not both of you are remarried. He still has assets. I'm going to have the temporary order remain in effect. $94 a week current support. I won't order anything on the arrearages. You do that the next Court hearing. I'll continue the matter to August 29, 1997, and Mr. Ballas is to do 30 job searches each and every week, and register with two temporary agencies. You also are to notify the State within 48 hours of obtaining employment, bring all of your pay stubs back to court with you."
After a request for clarification as to whether the order was based on earning capacity, the magistrate further stated:
 "He certainly has the capacity to pay a lot higher than $94 a week. But the order was temporarily modified down to $94. I think he has a capacity to pay higher than that. But that is what unemployment was paying him, and that is what the last magistrate ordered, but he has a capacity to pay even more than $94."
The defendant's counsel noted for the court (as had been previously related in the hearing) that the defendant was also CT Page 13353 paying $50 a week for insurance for the children. Counsel inquired, "So, what is your effective order? Is it $144 a week?" The court responded, "Well, he has an IRA or 401k of $6,000. He has access to it."
The defendant in his appeal claims that the July 18, 1987 decisions should be set aside because it is:
"1. . . . clearly erroneous in view of the reliable, probative and substantial evidence of the whole record;
"2. . . . arbitrary and capricious, characterized by an abuse of discretion and a clearly unwarranted exercise of discretion; and
"3. . . . the decision was affected by other area of law."
This appeal is taken pursuant to Connecticut General Statutes
section 46b-231(n). As a prerequisite to considering whether the appeal has substantive merit, this court must consider whether the procedural requirements of the appeal have been complied with. The court finds that the appeal has been taken in a timely manner, within fourteen days of the filing of the decision being appealed. Counsel certified that service of the appeal upon the pro se party and the Office of the Attorney General's office was made in accordance with CGS section 46b-231 (n) (2) by certified mail. A transcript was filed with the magistrate's decision all of which were with the file properly before this court for argument. At argument neither side chose to request permission to provide additional evidence.
This court may affirm the decision of the magistrate, remand the case for further proceedings, or modify the decision if the court finds that substantial rights of the appellant were prejudiced as defined in Connecticut General Statutes
section 46b-231(n)(7)(A) through (F).
"Family support magistrates, in deciding if a spousal or child-support order should be modified, shall make such determination based upon the criteria set forth in section 46b-84
and section 46b-215b." 46b-231(m)(4). The child support orders in this case derive from the defendant's parental obligations pursuant to 46b-84 to provide maintenance and health insurance for the minor children. The child support guidelines provide the definition of income to be considered by the court in deciding the appropriate level of support. "`Child support guidelines' CT Page 13354 means the rules, principles, schedule, and worksheets established under these regulations for the determination of the appropriate level of current support for a child, to be used when establishing both temporary and permanent support orders, whether in the initial determination of a child support order or a modification of an existing order." Section 46b-215a-1(5), ChildSupport and Arrearage Guidelines Regulations. Of course, then, the definition of income therein also applies to the consideration of the parties respective income picture when determining whether there has been a substantial change of circumstances warranting a modification of a child support order. It is such a modification that the defendant sought and was denied. Income as defined does not include capacity to borrow against a credit card nor does it include 401K or IRA asset held in a non-pay status prior to retirement. Section 46b-215a-1(11)Child Support and Arrearage Guidelines.
Our Supreme Court has definitively ruled that pre-retirement deferred compensation vehicles are assets. Krafick v. Krafick,234 Conn. 783, 663 A.2d 365 (1995). Only when it is paid out periodically as a retirement benefit would one of these holdings be considered income. Id. at (vii).
The only other basis in the record for the magistrate's ruling is his findings regarding the defendant's earning capacity. However, to make a child support order based upon findings related to the defendant's earning capacity rather than his income, the magistrate was first required to make ". . . a specific finding on the record that the application of the guidelines would be inequitable or inappropriate." ConnecticutGeneral Statutes section 46b-86(a). No such finding was made here. Therefore, the magistrate improperly deviated form the child support guidelines. McHugh v. McHugh, 27 Conn. App. 724,729, 609 A.2d 250 (1992).
Further, a deviation from the application of the child support guidelines in the setting of or modification of a child support order based upon the earning capacity of the payor may be made only under limited circumstances. It is appropriate to base a child support order based on earning capacity ". . . where there is evidence that the payor has voluntarily quit or avoided obtaining employment in his field. (Citations omitted.) Hart v.Hart, 19 Conn. App. 91, 94, 561 A.2d 151, cert. denied,212 Conn. 813, 565 A.2d 535 (1989). The record discloses that the defendant did not voluntarily leave his job and had searched for employment CT Page 13355 both in his field and other fields. He lost his job as a result of corporate reorganization. He looked for work in fields for which he could apply his job skills. Further the record discloses that the job searches by the defendant put him in compliance with the previous job search order. While the magistrate court found that the defendant had earning capacity to pay to orders existing and that his efforts for job search were not sufficient, nothing in the record supports those findings. They are clearly erroneous based upon the record. Gallo v. Gallo, 184 Conn. 36, 38,440 A.2d 782 (1981).
For the foregoing reasons, the July 18, 1997 decision of Magistrate Court is reversed and the matter is thereto remanded for further proceedings consistent with this decision.
Munro, J.