[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 26, 1997, this Court entered judgment dissolving the marriage between the plaintiff husband and the defendant wife. The judgment incorporated a comprehensive Marital Dissolution Agreement (hereinafter the agreement) that, among other things, gave the parties joint custody of their two teenage children, but provided that the plaintiff would have physical custody and the defendant would have specific periods of access. The agreement also provided that there would be no order of support and that "this deviation from the guidelines is in the best interests of the children and will ensure that the Wife has sufficient income to maintain a proper household in which to exercise her access with the children." The judgment specifically found that the agreement was "fair and equitable."
In a motion dated November 19, 1997 and filed December 17, 1997, the plaintiff moves to reopen and modify the judgment to provide an order of child support against the defendant. The CT Page 2541 Court conducted an evidentiary hearing on March 5, 1998. For the reasons stated below, this Court denies the motion.
The plaintiff testified that he believed that the child support provision in the settlement agreement was "open." It is true that the settlement agreement does not expressly preclude modification of the child support provision. But see Guille v.Guille, 196 Conn. 260 (1985) (even an express preclusion of modification does not bar Court from modifying support order at the request of, and if in the best interests of, the minor children). By statute, however, a change in the child support obligation must be supported by "a substantial change in the circumstances of either party or . . . a showing that the final order of child support substantially deviates from the child support guidelines established pursuant to § 46b-215a unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate." Conn. Gen. Stat. § 46b-86 (a).
With regard to the guidelines, the Court believes that its previous finding that the agreement — which included an express deviation from the guidelines — was "fair and equitable" satisfies the statutory standard of a finding that application of the guidelines would be "inequitable or inappropriate." Neither at the hearing or in his papers did plaintiff argue to the contrary. See Draper v. Draper, 40 Conn. App. 570, 573 (1996). Given this finding, the support order is no longer modifiable solely on the ground that it substantially deviates from the guidelines. See McHugh v. McHugh, 27 Conn. App. 724, 728-29
(1992).[1]
The remaining question is whether there is a "substantial change in the circumstances" with regard to whether the defendant, in the terms of the agreement, has "sufficient income to maintain a household in which to exercise her access with the children." Initially, the fact that the plaintiff drafted this motion fewer than five months after entry of the judgment makes the Court skeptical that such a substantial change has occurred. The plaintiff testified that the reasons for the requested change were that the two minor children do not see the defendant more than once a month, that it costs more to raise teenagers, and that he is making less money than at the time of the divorce. These assertions do not support a change in the support order. First, the defendant is not at fault for the fact that the children do not visit her more often. The defendant testified CT Page 2542 credibly that she would like to see them more. Edward is sixteen and is apparently more interested in being a teenager than visiting his mother. Misty, who is almost fourteen, does stay over with the defendant once a month. There is reason to believe that she may visit more frequently now that the defendant has settled into a new residence.
Second, there was no specific evidence presented that it costs more for the plaintiff to raise two teenagers now than it did less than one year ago when the original judgment entered. Finally, the plaintiff's own financial affidavits reveal that he is currently making the same gross weekly wage as he did in June, 1997. The only change is that his employer is deducting more federal withholding now than before, which is a matter largely within the plaintiff's own control and not at all reflective of his actual tax liability. Indeed, the plaintiff's weekly expenses have actually decreased approximately $150 per week during this time period.[2]
The plaintiff also claims that the defendant's financial circumstances have improved. A review of the defendant's financial affidavits reveals that the defendant's weekly net income has increased approximately $22 per week. At the same time her expenses have risen about $25 per week. There is no evidence that the defendant is squandering money. In fact, the defendant is living with her mother in order to share expenses. Further, the defendant's current employment is temporary and will end in September, 1998. Based on these facts, the Court finds that any change in the defendant's circumstances is not "substantial."
The motion to reopen and modify is denied.
Schuman, J.