PISANI CONSTRUCTION, INC. *v.* ADOLF W.
KRUEGER ET AL.
(AC 21273)

Schaller, Mihalakos and Hennessy, Js.

Argued January 22—officially released February 19, 2002

*Richard Bruno*, for the appellant (plaintiff).

*Robert L. Keepnews*, for the appellee (defendant Ida J. Krueger).

*Opinion*

MIHALAKOS, J. In this action to foreclose a mechanic's lien, the plaintiff, Pisani Construction, Inc., appeals from the judgment of the trial court in favor of the defendants Adolf W. Krueger and Ida J. Krueger.[1] The plaintiff claims that the court improperly (1) found that the plaintiff had not substantially performed its obligations under its construction contract with the defendant and (2) permitted the defendant to retain the last pay-

---

[1] The property at issue in this appeal was owned by Adolf W. Krueger and Ida J. Krueger, who were husband and wife. Subsequent to trial, Adolf W. Krueger passed away. Title to the property thus vested fully in Ida J. Krueger upon her husband's death. See General Statutes § 47-14a, which provides in relevant part: "A conveyance of real estate . . . by deed . . . to two or more natural persons . . . in such form that the conveyance runs unto the grantees . . . and unto the survivor of them . . . and unto the last survivor's heirs and assigns . . . creates a joint tenancy in fee simple with right of survivorship added and the tenants . . . shall be known as joint tenants. . . ."

Because there now is only one defendant, we refer hereafter to Ida J. Krueger as the defendant.

ment due to the plaintiff under the contract. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of the issues in the plaintiff's appeal. On April 17, 1986, the parties entered into an agreement whereby the plaintiff agreed to erect a metal building on the defendant's site as an addition to an existing structure. Pursuant to the agreement, the existing structure was to share a common wall with the new building, and the frames and panel heights of the new building were to match with those of the existing structure. After the parties signed the agreement, the defendant made an initial payment of $21,500 to the plaintiff. Construction then commenced in November, 1996, and the plaintiff finished construction in January, 1997.

Shortly before completion, it was determined that the roof line of the new building was, and continues to be, approximately three inches higher than that of the existing structure. The plaintiff offered the defendant no resolution to the problem, but field modified the ridge caps of the buildings to blend the roof lines. The discrepancy had other consequences, however, including misalignment of the gutters and windows of the two buildings, which resulted in an icing problem in the winter. The plaintiff thereafter filed a one count complaint seeking to foreclose on the mechanic's lien that it had filed against the defendant's property. The defendant filed an answer and a two count counterclaim, alleging breach of contract and breach of the covenant of good faith and fair dealing.

On the basis of the fact that a key component of the contract, which was that the frames and wall panel heights were supposed to match on the two structures, was not fulfilled, the court found that the plaintiff had not substantially performed under the terms of the

agreement and could not prevail in its foreclosure action. Because the plaintiff sought no other relief, the court therefore rendered judgment in the defendant's favor on the complaint and in the plaintiff's favor on the counterclaim. This appeal followed.

I

The plaintiff first claims that the court's finding that the plaintiff had not substantially performed its contractual obligations was clearly erroneous.[2] We disagree.

"The determination of [w]hether a building contract has been substantially performed is ordinarily a question of fact for the trier to determine." (Internal quotation marks omitted.) *Miller* v. *Bourgoin,* 28 Conn. App. 491, 496, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992). "We have long held that a finding of fact is reversed only when it is clearly erroneous. See, e.g., *Poulos* v. *Pfizer, Inc.,* 244 Conn. 598, 616, 711 A.2d 688 (1998). A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. Id. Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *American Heritage Agency, Inc.* v. *Gelinas,* 62 Conn. App. 711, 717, 774 A.2d 220, cert. denied, 257 Conn. 903, 777 A.2d 192 (2001).

One decade ago, our Supreme Court considered an issue not unlike that with which we are faced here, namely, the situation in which the builder seeks to fore-

---

[2] Although the plaintiff's statement of its claim in its brief posits that the court committed plain error, the plaintiff actually employs an analysis in which it claims that the court's factual findings were clearly erroneous. Accordingly, we review the plaintiff's claim in terms of whether the court's factual findings were clearly erroneous.

close when the purchasers refuse to pay the remainder of the contract price and the purchasers claim a lack of substantial performance of the contract as a defense. See generally *Argentinis* v. *Gould,* 219 Conn. 151, 592 A.2d 378 (1991). In that case, our Supreme Court stated: "Generally, when a builder breaches a bilateral construction contract by an unexcused failure to render substantial performance, he cannot maintain an action on the contract to recover the unpaid balance of the contract price because substantial performance, a constructive condition of the owner's duty to pay the balance, has not been satisfied." Id., 157.

The plaintiff, in support of its claim that the court improperly found that it had not substantially performed its obligations under the contract, claims that the court in its memorandum of decision found that "the building 'had been completed and . . . is being utilized by the defendant.' " Mere use of the building is not enough, however, for substantial compliance to be found. "The analysis necessarily involves an inquiry into the totality of facts and circumstances surrounding the performance of the contract." *Miller* v. *Bourgoin,* supra, 28 Conn. App. 496. "[F]actors to be considered include the extent to which the injured party will be deprived of the benefit reasonably expected [and] the likelihood that the performing party will cure his failure in light of the circumstances . . . ." Id.

Because the building to be built by the plaintiff was intended to be added to an existing building and the plaintiff was aware of that intention, the court found that "there is an obvious need to be concerned with the exact height of the completed new building." Thus, although we might agree with the plaintiff that, in the ordinary case, being a few inches off on the height of the building would not be sufficient to defeat substantial compliance with the contract, in this case the plaintiff knew of the need for exactitude. In addition, any claim

by the plaintiff that its failure in that regard was de minimis and did not harm the defendants is defeated by the evidence in the record that, as the court stated in its memorandum of decision, "[t]he misalignment of the gutters resulted in an icing problem for the defendant . . . ." We are unpersuaded, therefore, that the court's finding that the defendant had not rendered substantial performance was clearly erroneous.

## II

The plaintiff also claims that the court improperly permitted the defendant to retain the last payment due to the plaintiff under the contract. The plaintiff argues that the court thereby allowed the defendant to benefit under the contract even though it found that the defendant was not entitled to damages under the counterclaim.

We note that the "benefit" to which the plaintiff refers is the final payment of $14,252, which the defendant did not pay to the plaintiff. The nonpayment was the genesis of this foreclosure action. Our Supreme Court has stated that "when a builder breaches a bilateral construction contract by an unexcused failure to render substantial performance, he *cannot maintain* an action on the contract to recover the unpaid balance of the contract price because substantial performance, a constructive condition of the owner's duty to pay the balance, has not been satisfied." (Emphasis added.) *Argentinis* v. *Gould*, supra, 219 Conn. 157. The court's refusal to award damages on the defendant's counterclaim is not relevant to this inquiry. Accordingly, the court correctly refused to allow the plaintiff to foreclose the mechanic's lien because of the defendant's failure to pay this amount.

The judgment is affirmed.

In this opinion the other judges concurred.