[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff contractor seeks to foreclose a mechanic's lien placed on the defendant's property. The amount in dispute is $4,378.63, representing the balance due on a contract executed by these parties in 1997. That contract called for the plaintiff to construct a metal building with a concrete foundation. Site work was also required in the total contract price of $71,800. CT Page 2668
The defendant has filed special defenses and a counterclaim, alleging defective workmanship, incomplete work and the need for him to spend additional sums to correct deficient workmanship and complete the construction.
 DISCUSSION
In closing argument, the defendant raised the defense of a lack of substantial performance by the plaintiff, citing Pisani Construction,Inc. v. Krueger, 68 Conn. App. 361 (2002). In that case the Appellate Court referred to a Supreme Court case, Argentinis v. Gould, 219 Conn. 151
(1991), in which at page 157 the court said:
 "Generally, when a builder breaches a bilateral construction contract by an unexcused failure to render substantial performance, he cannot maintain an action on the contract to recover the unpaid balance of the contract price because substantial performance, a constructive condition of the owner's duty to pay the balance, has not been satisfied."
In this case, the evidence indicates the defendant has been operating a business in the building in question. Taking all of the defects complained of into account and assuming them all to be the fault of the plaintiff, the building is still functional.
Further, to prevail on his special defenses and counterclaim, the defendant had the burden of proof on those pleadings. The plaintiff denied some of the alleged damage items were caused by him — the torn insulation, for example. He denied the floor drain area was flat and indicated the drain itself was adjustable. This was contrary to the defendant's testimony.
However, the defendant's proof was fatally defective in many respects. Of particular significance is the fact that no evidence was offered as to the cause of the defects complained of, what remedy was available and what the cost of remediation would be.
For example, the court heard the defendant describe the problem of the overhead door being "off the track." No evidence was presented to indicate that it was caused by faulty installation, nor was evidence offered to explain what repair was called for and its cost. For all the court could ascertain, it may have been struck by a vehicle.
The defendant also admitted he had refused the plaintiffs offer to correct the grade of the slope outside the overhead door. There were CT Page 2669 complaints that may have been attributable to the plaintiff, such as bolts popping and doors springing open. Passing them without explanation as to cause and expense does not assist the court.
The court must conclude that the plaintiff has substantially performed under the terms of the contract and is entitled to the foreclosure of its lien.
 CONCLUSION
Judgment may enter for the plaintiff as follows:
 Contract balance $4,378.63 Interest, 3/14/98 — 3/11/02 $1,747.40 Attorney's fee $ 920.00
$7,046.03
The plaintiff is also entitled to its taxable costs.
In accordance with its discussion with counsel, the court will not prepare its judgment in the form of a foreclosure judgment, the judgment being modest compared to the value of the defendant's property. In the event it becomes necessary for the plaintiff to take further steps to collect the above sum, the court will prepare a supplemental judgment upon motion.
Anthony V. DeMayo, Judge Trial Referee