## HELEN D. LEGNOS *v.* PETER J. LEGNOS
## (AC 20492)

Foti, Schaller and Flynn, Js.

Argued January 10—officially released June 11, 2002

*Nicholas J. Gorra,* with whom, on the brief, was *Walter J. Sidor, Jr.,* for the appellant (defendant).

*Helen A. Dickie,* pro se, the appellee (plaintiff).

SCHALLER, J. The defendant, Peter J. Legnos, appeals from the judgment of the trial court finding him in contempt and ordering the modification of child support. The defendant claims on appeal that the court improperly (1) found that he wilfully failed to pay the amounts owed pursuant to the dissolution judgment, (2) modified the existing support order and (3) awarded the plaintiff the sum of $3000 in lieu of transfer of a motor vehicle pursuant to the dissolution judgment.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The marriage of the parties was dissolved on December 13, 1994. At that time, in accordance with a written agreement of the parties, the trial court entered various orders pertaining to child support, alimony and a division of property. Three of the orders in the dissolution decree are the subject of the contempt order. First, the decree ordered the defendant to make installment payments to the plaintiff for her interests in various parcels of real estate that she conveyed to the defendant pursuant to the decree. Second, the decree ordered the defendant to pay child support, as well as a portion of the unreimbursed medical expenses of the children, and to maintain life insurance for the benefit of the minor children. Third,

---

[1] We note that counsel for the defendant argued for the first time at oral argument that the trial court that decided the contempt motion improperly modified the dissolution decree after it found that the defendant had wilfully failed to meet his obligations under that decree. When counsel was asked where that claim appeared in the defendant's brief, he conceded that the issue was not specifically addressed in the brief, but asserted that the issue was addressed indirectly. When questioned as to where that could be found in the brief, counsel conceded that the brief did not specifically refer to this claim. We will not address this claim because the defendant raised it for the first time at oral argument. We need no citation for our long settled rule that an appellant's claims must be fully and adequately briefed and argued in the brief submitted to this court.

the decree ordered the defendant to transfer a Dodge motor vehicle to the plaintiff. The original decree was modified on several occasions pursuant to agreement of the parties prior to the contempt proceeding at issue in this appeal.

In September, 1996, the plaintiff filed a motion for contempt that was heard by the trial court, *Hon. D. Michael Hurley*, judge trial referee, on January 2, 1997. After the court denied the defendant's motion to modify the property distribution, it continued the contempt motion for sixty days with an order that the defendant present to the court a proposal as to how he would fulfill his obligations under the judgment. In March, 1997, the plaintiff filed another motion for contempt alleging that the defendant had failed to present any such proposal. She also alleged that the defendant was in arrears as to child support payments, had failed to pay his portion of unreimbursed medical expenses, had failed to verify that the required life insurance was in force, had failed to make regular installment payments for the property interests as ordered, had not made the other required debt payments and had failed to provide personal property awarded to the plaintiff. After the plaintiff filed her motion for contempt, the defendant filed various motions for contempt, all of which the trial court denied.

On November 19, 1999, the trial court, *Solomon, J.*, held a hearing on the March, 1997 motion for contempt. The court rendered an oral decision followed by a written memorandum also dated November 19, 1999. In its decision on the motion for contempt, the trial court found that "the defendant has failed to pay the sums required by the decree with respect to [the real estate property]. I further find that as of September 30, 1997, at the latest, the defendant had the ability to pay and that, therefore, his failure to pay subsequent to that date was wilful." In addition, the court ordered the

defendant to pay the plaintiff the sum of $3000 in lieu of transferring the Dodge motor vehicle, which he had failed to do.

On December 8, 1999, the defendant filed a motion to reargue the court's November 19, 1999 decision. The court denied this motion on January 14, 2000, as its final order in the matter. In addition to denying the defendant's motion, the court also considered on January 14, 2000, a motion for modification of support that the plaintiff had filed earlier in the proceedings. The court ordered the defendant to pay $214 per week as child support commencing on February 23, 1999. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the trial court improperly found that he wilfully failed to pay the amounts owed on the property installments after September 30, 1997. Specifically, the defendant argues that the evidence adduced at the hearing failed to support a finding of wilfulness.

At the outset, we note our standard of review. "Contempts of court may be classified as either direct or indirect, the test being whether the contempt is offered within or outside the presence of the court. . . . The defendant's failure to comply with the [dissolution decree] is, therefore, an indirect contempt because it occurred outside the presence of the trial court.

"[A] finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases. . . . A finding of contempt is a factual finding. . . . We will reverse that finding only if we conclude the trial court

abused its discretion."[2] (Citations omitted; internal quotation marks omitted.) *Billings* v. *Billings*, 54 Conn. App. 142, 152, 732 A.2d 814 (1999).

In its oral decision on November 1, 1999, the trial court found that, after September 30, 1997, the defendant had the ability to pay and that his failure to do so was wilful. The court stated that it "selected September 30, 1997 . . . because that is one date which is evidenced by the tax return which was filed for LBI, the defendant's corporation, and therefore . . . sets certain numbers in place that I can rely on." The court further stated that "there are many reasons why I have concluded that [the defendant] had the ability to comply with the decree." Following this preface, the court went on, at length, to make detailed findings based on the defendant's tax returns and his financial affidavits that supported its ultimate determination of wilfulness.

The court provided a thorough, thoughtful and specific evaluation of the tax returns of the defendant's company. The court reviewed, for a period of several years, the company's gross income, cash position, net earnings, inventory levels and salary increases. The court found that the defendant "was in control of the business," and that the defendant had "the ability to determine who and when and how much to pay to

---

[2] We note that the abuse of discretion standard applies to the trial court's decision on the motion for contempt. In the present case, the defendant's claim specifically attacks the factual findings that the court relied on to conclude that the defendant was in contempt. Therefore, in addition to reviewing the propriety of the court's decision as a general matter, we first review the trial court's factual determinations. In so doing, we apply our clearly erroneous standard, which is the well settled standard for reviewing a trial court's factual findings. See *Pequonnock Yacht Club, Inc.* v. *Bridgeport*, 259 Conn. 592, 598, 790 A.2d 1178 (2002). "A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *Pisani Construction, Inc.* v. *Krueger*, 68 Conn. App. 361, 364, 791 A.2d 634 (2002).

anybody." At the end of its review of the tax returns, the court found that, in terms of dealing with his creditors, the defendant "put [the plaintiff] at the bottom of the heap." Our review of the court's decision does not reveal that any of its findings were clearly erroneous. To the contrary, we conclude the court's findings are logical and amply supported by the evidence.

In addition, the court also scrutinized the defendant's financial affidavits. It determined that there were numerous inconsistencies and that the information in the affidavits did not support the defendant's arguments as to his financial status. The court found that "if you accept those affidavits, [the defendant] had zero income with which to meet more than $40,000 a week in expenses." The court also made a similar finding with regard to the defendant's debt, noting the affidavits produced irreconcilable results. Again, we cannot say after our review of the court's findings that they were clearly erroneous. The court's analysis was logical and its findings were supported by the information in the defendant's affidavits.

Despite the court's well supported findings, the defendant argues that there was not enough evidence to support a finding of wilfulness. We do not agree. The defendant's brief is little more than a series of assertions that offer a different interpretation of the facts. The defendant, in essence, asks us to find the facts in a manner that is consistent with the gloss he attempts to apply. We decline to do so. The trial court's findings were not clearly erroneous. Because we conclude that the underlying findings were not clearly erroneous, we conclude that the court's ultimate finding that the defendant wilfully failed to meet his obligations under the dissolution decree was established by sufficient proof premised on competent evidence. The court properly exercised its discretion.

## II

The defendant next claims that the trial court on January 14, 2000, improperly modified the existing support order. Specifically, the defendant claims that the court improperly modified the support order because it applied the support guidelines after previous orders had determined a deviation from the guidelines was appropriate based on the shared custody agreement in the dissolution decree. The defendant argues that the court, on January 14, 2000, could not ignore the original support order, and the modified orders, which determined that there was a proper deviation from the support guidelines.

We decline to review this claim. As we often have stated, "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We will not review claims absent law and analysis." (Internal quotation marks omitted.) *In re Kachainy C.*, 67 Conn. App. 401, 413, 787 A.2d 592 (2001).

In the present case, the defendant has failed to brief the issue adequately. First, although the defendant discusses the court's January 14, 2000 decision on the motion for modification, he has failed to provide us with a transcript of that proceeding. We, therefore, are unable to review the court's oral findings and decision. Second, the defendant's brief is devoid of analysis of this claim. Aside from asserting that the court improperly rejected the continuation of a deviation from the guidelines, the defendant fails to offer any analysis of this issue.

While the defendant's reply brief cites *McHugh* v. *McHugh*, 27 Conn. App. 724, 609 A.2d 250 (1992), as

support for his position, that case is inapplicable. *McHugh* deals with a modifying court's failure to make a specific finding that the guidelines were inappropriate before deviating from them. Id., 725–28. That case does not address the claim raised here, namely, that a later court applied the guidelines and ignored a previous determination that there should be a deviation.

The reply brief also quotes a portion of *McHugh*. The cited material and its surrounding text, however, conclude that once a court determines that a deviation is appropriate, that particular order cannot later be modified based solely on the ground that the order itself does not conform to the guidelines. Id., 728–29. We fail to see the applicability of this to the present claim. The defendant has not asserted or analyzed the issue that the modifying court in this case modified the order because it did not conform to the guidelines.

### III

The defendant finally claims that the court improperly awarded the plaintiff the sum of $3000 in lieu of transfer of a motor vehicle as ordered in the dissolution judgment. The defendant asserts that the Dodge vehicle "was not owned by [him] but by [his company]" and that it "had inadvertently been included on [his] financial affidavit filed in connection with the dissolution hearing." The defendant appears to argue that the court had no authority to order transfer of an asset not owned by a party to the dissolution. The defendant also cites General Statutes § 46b-81 for the proposition that, in a dissolution of marriage, a court is restricted from ordering a transfer of an asset not owned by a party to the dissolution.

Despite the ostensible challenge to the court's November 19, 1999 order that the defendant pay the plaintiff $3000, at its core, the defendant's claim actually addresses the propriety of the *original* December 13,

1994 dissolution decree. In the December 13, 1994 ruling, the court ordered the defendant to transfer the vehicle to the plaintiff. The defendant fails to establish that he filed a timely appeal from that judgment. In the present appeal, the defendant argues that the November, 1999 order requiring him to pay $3000 in lieu of the vehicle was improper despite the fact that the November, 19, 1999 order only enforced the December 13, 1994 dissolution order to transfer the vehicle. It is of no moment that the 1999 order specified that the defendant pay $3000 in lieu of the actual vehicle, which had been sold. Despite the difference in form, the order to pay $3000 was the equivalent of the vehicle itself. Therefore, in arguing that it was improper for the court, in 1999, to order him to pay the $3000, the defendant challenges the initial December 13, 1994 dissolution in which the court ordered him to transfer the vehicle to the plaintiff.

Viewed in this light, it is evident that the defendant's claim is untimely. See Practice Book § 63-1. The defendant, by virtue of his challenge to the November 19, 1999 order, cannot challenge the original December 13, 1994 dissolution decree that ordered him to transfer the vehicle. Having failed to appeal in a timely manner from the original dissolution decree, the defendant cannot now attempt to address his "inadvertent inclusion" of the vehicle in his affidavit and to object to the court's decision at that time. See *Alix* v. *Leech*, 45 Conn. App. 1, 3, 692 A.2d 1309 (1997) (party barred from challenging merits of underlying judgment when motion to open filed more than twenty days after judgment).

The judgment is affirmed.

In this opinion the other judges concurred.