[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a postjudgment motion to modify visitation and support dated February 27, 2002. In it, the plaintiff claims, "since the date of the agreement circumstances have changed considerably and the plaintiff wishes to modify the visitation schedule."
The court order of visitation embodied in the decree of dissolution dated November 21, 2001, reads as follows:
The parties shall have joint legal custody of the minor child with the husband having the following parenting time: with the exception of the first weekend of the month, the husband shall have parenting time with the child from Friday after school or camp through Monday return to school or camp (the school day shall include extended day and breakfast club program). The husband shall have every Wednesday from after school until 8 p.m. except that on the Wednesday preceding the wife's weekend, the husband shall have the minor child from after school or camp through Thursday morning return to school or camp. The wife shall have the minor child the first weekend of every month and the husband shall have the remaining weekends of every month. Drop off and pickup shall take place at the school during the school year and at camp, if applicable during the summer. In the event that there is no school or camp, pickup and drop off shall take place at the wife's home. Pickup shall be at 3 p.m. and drop off shall be at 9 a.m., unless otherwise agreed.
The current order of child support, embodied in the decree of dissolution dated November 21, 2001, reads as follows:
Based upon the above parenting plan, the parties are deviating from the child support guidelines and no child support shall be paid to either party. That deviation is based upon the following: (i) amount of parenting time with the husband; (ii) agreement by the parties to be equally responsible for the following educational expenses for the child: private secondary school; college; graduate school; and professional school; CT Page 2707 (iii) the parties further agree to be equally responsible for the following expenses of the minor child including, but not limited to: all sports, music, extra curricular programs; any camp, day care, after school programs; and sports equipment.
At the time of dissolution, the Court (Frankel, J.) made the following finding:
The Court will make the finding that the guidelines would require an order of $261 per week. However, the parties have agreed to deviate from the guidelines due to the shared custody arrangement. Therefore, the Court will find that it's inappropriate and inequitable to apply the guidelines.
At the conclusion of the first day of the hearing, January 21, 2003, the parties indicated to the court that they had reached an agreement regarding visitation. The parties' agreement, dated January 21, 2003, which was accepted and approved by the court, reads as follows:
The parents further agree that the child would spend alternate weekends with his father from after school or extended care on Friday until the child's return to school on Monday morning. The father agrees that he and the child would return to the father's Redding residence no later than 9 p.m. on Sunday night. If the father is unable to return the child to school on Monday morning, then Alex will be returned to his mother's residence no later than Sunday at 9 p.m. In addition, it is agreed that the father will be entitled to effectuate time with the child, in the vicinity of the mother's residence, on either Tuesday, Wednesday or Thursday between the hours of 4 p.m. and 8 p.m. It is further agreed that the father would be entitled to have contact with the child on one additional weekend a month between the hours of 9 a.m. and 5 p.m. on either Saturday or Sunday. If the father is not scheduled to spend any time with the child during the weekend, then the weekday visit prior to his weekend can be extended to an overnight visit with the child returning to school the next morning. It is agreed that the weekday and additional weekend time spent with the father would be contingent upon the father giving notice to the mother by at least the Sunday preceding the visit. If no such arrangements are made, it will be presumed that no contact with the father will occur and both the child and the mother will be free to make alternate plans.
The matter was continued to February 10, 2003. Since the parties had reached an agreement regarding visitation, the only issue remaining for the court was whether the new schedule of visitation substantially deviates from the original orders thus prompting a modification of the CT Page 2708 child support.
Connecticut General Statutes § 46b-86 reads in pertinent part as follows:
(a) Unless and to the extent that the decree precludes modification . . . the periodic payment of . . . support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a.
The requirement of a specific finding on the record that the application of the guidelines would be inequitable or inappropriate when the amount awarded deviates from the amount resulting from the application of the guidelines, as determined by the application of the deviation criteria established in the guidelines, becomes even more compelling in light of the 1990 amendment to General Statutes 46b-86
(a). The amendment added as an additional ground for modification a showing that the order sought to be modified "substantially deviates from the child support guidelines . . . unless there was a specific finding onthe record that the application of the guidelines would be inequitable orinappropriate."
(Emphasis added.) McHugh v. McHugh, 27 Conn. App. 724, 728 (1992).
It follows, therefore, that once the court enters an order of child support that substantially deviates from the guidelines, and makes a specific finding that the application of the amount contained in the guidelines would be inequitable or inappropriate, as determined by the application of the deviation criteria established in the guidelines, that particular order is no longer modifiable solely on the ground that it substantially deviates from the guidelines.
Id., 728-29.
The visitation schedule set forth in the parties' original decree of November 21, 2001, as compared to the parties' stipulated agreement dated January 21, 2003, does not differ substantially on its face. Although the defendant has shown a poor track record at exercising the visitation as provided for in the court's original order, this court cannot assume that the defendant will continue to fail to exercise his visitation in the future.
Accordingly, the plaintiff's motion to modify is denied.
Bozzuto, J. CT Page 2709
[EDITORS' NOTE: This page is blank.] CT Page 2710